IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LUCAS M. SODEN, Register No. 1048017, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-4400-CV-C-NKL |
| ) | |
| DANA D. THOMPSON, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Lucas M. Soden, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Named as defendants are members of the Missouri Board of Probation and Parole, Parole Board supervisors, Missouri Department of Corrections supervisors, or other state officials: Dana D .Thompson, Fannie B. Gaw, Ansel P. Card, Wayne Crump, Robert Robinson, Penny Hubbard, Scott Johnston, Bernard P. Ploch, Roger A. Hagner, Paul D. Caspari, Jandra D. Carter, Penny Coleman, Larry Crawford, Steve Long, Michael J. Murphy, Lynda Bryant, Kelly Morriss, Gary Allan, Lily T. Adams, Jeremiah W. Nixon and John/Jane Doe.

Plaintiff claims the Missouri Board of Probation and Parole officials failed to comply with Mo. Rev. Stat § 217.541, which sets up a house arrest program in the Missouri Department of Corrections.

On February 8, 2006, plaintiff was granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), on the basis of indigence, subject to modification, pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A. Sections 1915 and 1915A require the court to screen prisoner cases and dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has on three or more prior occasions brought an action or appeal that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim on which relief may be granted, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Mo. Rev. Stat. § 217.541 does not create a liberty interest in participating in the house arrest program. That statute does not establish such rights. See Forrester v. Bass, 397 F.3d 1047 (8th Cir. 2005). Although the statute mandates the Department to establish a house arrest program, it does not mandate that any particular inmate or class of inmates be assigned to it. Thus, it creates no liberty interest. Absent a life, liberty or property interest, there can be no violation of due process. Id.; Sandin v. Conner, 515 U.S. 472 (1995); Board of Regents v. Roth, 408 U.S. 564 (1972). Because plaintiff has no liberty interest in parole or the house arrest program, he has no federal due process right which this court can enforce. Failure of state officials to comply with state law is an issue that must be raised in state court, absent a federal constitutional claim, which is not present in this case.

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

Based upon the foregoing, plaintiff's motion for appointment of counsel will be denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [4]. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 27th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3